*323 The opinion of the Court was delivered by
Harper, J.
There can be no doubt but that a legacy to Thomas and John Grimke, upon their arriving at the age of twenty-one years and assuming the name of Drayton, is contingent and does not vest till the conditions be complied with, and that, in general, the legatee is not entitled to interest on such a legacy till it becomes vested. A difference is supposed to be made in this case, from the circumstance of the property’s having been given, in the first instance, to the testator’s son William Henry Drayton, in whom it vested, and limited to Thomas and John Grimke, in the event of his dying without children. We think the case must be governed by those of Wyndham vs. Wyndham, 3 Bro. C. C. 58, and Shawe vs. Cunliffe, 4 Bro. C. C. 144; in the latter of which the rule is thus laid down by Lord Commissioner Eyre, “ if there be a fund, whether residuary of particular, given to A. for life, and afterwards upon a contingency, which does not take effect upon the death of the tenant for life, the intermediate interest is an interest undisposed of, and, therefore, falls into the residue.” The circumstances in the case of Wyndham vs. Wyndham, were, that a fund was given to trustees, in trust to pay the interest to the testator’s wife for life, then to his niece for life, and, at her death, he gave the fund to the younger children of Helgar Wadham Wyndham, if he should have any, and if not to Wadham Wyndham. The interest was paid to the wife and niece during their lives — at the death of the niece, H. W. Wynd-ham was living, but had no children, and afterwards died not having had any. The question was respecting the interest which had accrued in the life-time of H. W. Wyndham, after the death of the niece. Lord Thurlow “ thought it surprising that there was no case in which this question had occurred ; but said, where interest till an event arrived was not disposed of, it must fall into the residue.’’ The case of Shawe and Cunliffe was similar in circumstances. The authority of Wyndham vs. Wyndham, is said to have been approved in Descrambes vs. Tomkins, 1 Cox, 133.
*324 It was further contended, that the testator had put himself in loco parentis with respect to these legatees, and that they may be entitled to the interest as maintenance : under the rule, that in case of a legacy by a parent to a child, interest will be allowed as maintenance, though the legacy be not yet payable, or even not yet vested. There is no ground whatever for this claim. The doctrine is founded upon the natural obligation of a parent to provide for his children, and a presumed intention that they should be maintained. In Harvey vs. Harvey, 2 P. Wins. 21, which was the case of legacy vested, though not yet payable, the Master of the Rolls says, “ it would be extremely hard that the children should starve when entitled to so considerable legacies.” In Incledon vs. Northcote, 3 Atk. 438, interest was given to children for maintenance, though the legacies were contingent, being given only to such children as should attain twenty-one, and Lord Hardwicke said it had often been done. But the cases respecting a person putting himself in loco parentis stand on a different footing. They are founded on an intention, inferred from the whole of the provisions of the will, that the legatee shall have the interest, and I am not aware of any case of this sort, in which interest has been given on a legacy not yet vested. In Beckford vs. Tobin, 1 Ves. Sen. 310, the bequest was to a natural child, with an express direction to apply the interest to education and maintenance, and the question was whether the legatee should have the interest from the death of the testator, or from the end of the year. Lord Hardwicke held that the direction for maintenance meant maintenance throughout, and gave interest from the death of the testator.
In Lowndes vs. Lowndes, 15 Ves. 301, which was a direct vested legacy, in trust for natural children, they were held not entitled to interest from the testator’s death, there being no such intention to be collected from the will. Hill vs. Hill, 3 Ves. and B. 183, was a bequest to apply the interest to the maintenance, education and advancement of natural children, and they were held entitled to interest from the testator’s death. *325 In Acherly vs. Vernon, 1 P. Wins. 783, the legacy was vested though not yet payable. As the fund was separated from the residue, and the interest would not pass under the residuary bequest, the Chancellor decided, upon the intention, that no one but the legatee of the fund could take the interest. It' seems clear that grand-children are in this respect considered as strangers, and that if a contingent legacy be given to them, with a limitation over if the contingency does not happen, they cannot take the interest till the contingency happens and the legacy vests. Haughton vs. Harrison, 2 Atk. 329; Butler vs. Freeman, 3 Atk. 58 ; Lomax vs. Lomax, 11 Ves. 48. There are other cases to the same effect.
In the present case the legatees are not -children for whom the testator was bound to provide : the application is not made on the ground that they need the interest for maintenance, and privately we know they do not. The testator could not, of course, have intended it for maintenance; he gave the whole to another, and only limited the property to these legatees upon an event which he must have hoped would never happen. The Chancellor’s decree is affirmed and the rhotion dismissed. ■
Johnsow and ON ball, JJ., concurred.

Appeal dismissed.